IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINDSAY REILLY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-cv-854 |
| | § | |
| LOLOI, Inc., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Lindsay Reilly ("Plaintiff") files this Complaint against Loloi, Inc. ("Defendant"), showing in support as follows:

**I.      NATURE OF THE CASE**

1.      This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendant's failure to pay Plaintiff time and one-half her regular rate of pay for all hours worked over 40 during each seven-day workweek as an employee of Defendant.

2.      Plaintiff was employed by Defendant from approximately October 26, 2020 to approximately March 19, 2021. Defendant paid Plaintiff on a purported salary basis. Plaintiff routinely worked more than 40 hours in a typical seven-day workweek but was not paid time and one-half her regular rate of pay for any such hours worked over 40. That failure to pay Plaintiff overtime premium pay for all overtime hours worked is a violation of the FLSA.

3.      Plaintiff files this lawsuit individually and seeks all damages available under the FLSA including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.     THE PARTIES, JURISDICTION, AND VENUE

### A.     Plaintiff Lindsay Reilly

4.     Plaintiff is a natural person who resides in Tarrant County, Texas. She has standing to file this lawsuit.

5.     Plaintiff is a former employee of Defendant's.

### B.     Defendant Loloi, Inc.

6.     Defendant is a domestic for-profit corporation.

7.     During all times relevant, Defendant has done business in the State of Texas.

8.     Defendant is registered with the Texas Secretary of State to conduct business operations in Texas.

9.     At all times between October 26, 2020 to present, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

10.    At all times between October 26, 2020 to present, Defendant employed, and continues to employ, two or more employees.

11.    At all times between October 26, 2020 to present, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods and/or materials that have been moved in and/or produced for commerce by any person.

12.    For example, Defendant employed two or more employees who regularly handled, sold, and/or otherwise worked on goods and/or materials in their daily work that are/were moved in and/or produced for commerce. Examples of such goods and/or materials include rugs, pillows, wall art, computers, computer monitors, computer-related devices (such as printers), phones, and office equipment.

13. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

14. Defendant's principal place of business is located in Dallas County, Texas at 4501 Spring Valley Road, Farmers Branch, Texas 75244.

15. Defendant may be served with summons through its registered agent, Amir Loloi, 17311 Dallas Parkway, Suite 102, Dallas, Texas 75248.

**C.    Jurisdiction and Venue**

16. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

17. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

18. During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

19. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases her claims on federal law, namely the FLSA.

20. Venue is proper in this Court because Defendant's principal place of business is in Dallas County, Texas. Additionally, Plaintiff performed work for Defendant in Dallas County, Texas.

### III.    FACTUAL BACKGROUND

21. Defendant is a retailer of products such as rugs, pillows, throws, wall art, and other items.

22. Plaintiff was employed by Defendant from approximately October 26, 2020 to approximately March 19, 2021.

23. Plaintiff's job title with Defendant was new business development account manager. However, inconsistent with that job title, Plaintiff's primary job duties were to essentially convey data amongst various people and entities. For example, Plaintiff's primary job duties included attending virtual customer meetings co-workers had with Defendant's customers, preparing summaries of meetings, and e-mail communications with a Loloi team in India for production status and updates.

24. Defendant paid Plaintiff on a purported salary basis.

25. No part of Plaintiff's compensation from Defendant was commission based.

26. Plaintiff routinely worked more than 40 hours in a typical seven-day workweek but was not paid time and one-half her regular rate of pay for any such hours worked over 40.

27. Defendant's failure to pay Plaintiff time and one-half her regular rate of pay for each and every hour worked over 40 in all applicable seven-day workweeks is a violation of the FLSA.

28. Defendant did not make or keep an accurate record of Plaintiff's daily and weekly hours worked.

### IV.   CONTROLLING LEGAL RULES

29. The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

30. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

31. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

32. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

33. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

34. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216(b).

## V.  **FLSA CLAIMS**

35. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

36. At all times relevant to this lawsuit, Defendant has been an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

37. At all times relevant to this lawsuit, Defendant has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

38. Plaintiff was an employee of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

39. Plaintiff was a covered employee under 29 U.S.C. § 207(a)(1).

40. Plaintiff was paid on a purported salary basis by Defendant.

41. Plaintiff routinely worked in excess of 40 hours per seven-day workweek as an employee of Defendant.

42. Defendant was required to pay Plaintiff time and one-half her regular rate of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

43. Defendant did not pay Plaintiff time and one-half her regular rate of pay for any hours worked over 40 in any seven-day workweek when Plaintiff was employed by Defendant.

44. The failure of Defendant to pay Plaintiff time and one-half her regular rate of pay for each and every hour worked over 40 in all applicable seven-day workweeks is a violation of the FLSA.

45. Plaintiff seeks all damages available for Defendant's failure to timely pay all overtime wages owed.

## VI.     DAMAGES AND PRAYER

46. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff be awarded a judgment against Defendant and/or order(s) from the Court for the following:

   a. All damages allowed by the FLSA, including back overtime wages,

   b. Liquidated damages in an amount equal to back FLSA wages,

   c. Legal fees,

   d. Costs,

    e.  Post-judgment interest, and/or

    f.  All other relief to which Plaintiff is justly entitled.

Date: April 13, 2021.

                        Respectfully submitted,

                By:    s/ Allen R. Vaught
                        Allen R. Vaught
                        Attorney-In-Charge
                        TX Bar No. 24004966
                        Vaught Firm, LLC
                        1910 Pacific Ave., Suite 9150
                        Dallas, Texas 75201
                        (972) 707-7816 – Telephone
                        (972) 591-4564 – Facsimile
                        avaught@txlaborlaw.com

                        ATTORNEY FOR PLAINTIFF